IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Martha L. Walker,                :

        Plaintiff,         :   Case No. 2:09-cv-926

  v.                             :   JUDGE HOLSCHUH

Jefferson County Social          :
Services, et al.,

        Defendants.        :

REPORT AND RECOMMENDATION

I. Introduction

Plaintiff, Martha Walker, has submitted a complaint and a request for leave to proceed *in forma pauperis*. Her request for leave to proceed shows that she is financially unable to pay the required filing fee, and the request (#1) is therefore granted. The Court must now screen the complaint to determine, among other things, if it states a claim upon which relief can be granted. See 28 U.S.C. section 1915(e)(2). For the following reasons, it will be recommended that the complaint be dismissed for failure to state a claim.

II. Legal Standard

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted; or seeks monetary relief against a defendant who is immune from such relief." The purpose of this law is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational

basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

### III.  Analysis

According to the complaint, Ms. Walker, now a resident of North Carolina, lived in Jefferson County, Ohio as a child.  She was placed into foster care by Jefferson County Social Services.  While in foster care, she claims that she was physically assaulted and also molested by an individual who was apparently her foster father, and that he eventually shot her in the back.  She asserts that these events continue to affect her today.  The complaint alleges that these events all took place in the 1960s when Ms. Walker was twelve years old.  The Court received this complaint on October 16, 2009.  Even assuming that the events about which Ms. Walker complains continued until the very end of the 1960s, her complaint has been filed almost forty years after the last action or inaction taken by any of the defendants.

Ms. Walker's federal claim, if any, against the Jefferson County defendants arises under 42 U.S.C. §1983, which allows a person whose constitutional rights have been violated by state

officials to file a suit for damages and other appropriate relief. The statute of limitations for a claim against Ohio defendants under 42 U.S.C. §1983 is two years. Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989); Ohio Rev. Code 2305.10. Any claim filed more than two years after the defendants' actions caused harm to the plaintiff is barred by the statute of limitations and is subject to dismissal. See Young v. Nichols, 2006 WL 2620393 (S.D. Ohio September 12, 2006).

The type of claim which Ms. Walker is attempting to assert accrues either when the defendants acted or failed to act, or, at the latest, when the facts which make up their alleged misconduct were reasonably know to or available to the plaintiff. See, e.g., Omar ex rel. Cannon v. Lindsey, 287 F.Supp. 2d 1287 (M.D. Fla. 2004) (cause of action against children's services organization accrued when plaintiff's attorney obtained records to support claim). Ms. Walker's complaint makes it clear that she has known for years about the abuse she allegedly suffered and the failure of Jefferson County Social Services to take steps to protect her. For example, she alleges that once she reached "legal independent age" (presumably age 18) she sought legal advice and consulted with a number of attorneys to no avail. She is now in her 50s. Thus, her complaint affirmatively shows that she has been aware of the facts underlying her claims for more than two years. The statute of limitations does not begin to run again each time Ms. Walker is affected by the conditions that resulted from the defendants' alleged actions. See, e.g., Delaware State College v. Ricks, 449 U.S. 250, 258 (1980), where the United States Supreme Court held (quoting with approval the decision in Abramson v. University of Hawaii, 594 F.2d 202, 209 (9th Cir. 1979)) that "'[t]he proper focus is upon the time of the ... acts, not upon the time at which the consequences of the acts became most painful.'" Consequently, Ms. Walker has simply

filed this case too late for the Court to allow it to proceed.

## IV. Recommendation

For the reasons just stated, the Court concludes that the complaint states only claims that are barred by the applicable statute of limitations. Consequently, it is recommended that the complaint be dismissed under 28 U.S.C. §1915(e)(2), and that a copy of the complaint and any dismissal order be mailed to the defendants.

## V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981)

/s/ Terence P. Kemp
United States Magistrate Judge